UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11649-RWZ

JOSEPH M. RAMOS, SR.,
*as Administrator of the Estate of Joseph M. Ramos, Jr.*

v.

JARED WHITE, *et al.*

MEMORANDUM OF DECISION

January 10, 2013

ZOBEL, D.J.

The background of this case is described in the court's decision of November 2, 2012, which allowed in part and denied in part defendants' motion for summary judgment. As relevant here, that decision denied summary judgment on plaintiff's Massachusetts Civil Rights Act ("MCRA") claim against defendant Scott Brooks ("Brooks") for the death of Joseph M. Ramos, Jr. ("Ramos"). Brooks now moves for reconsideration of that part of the court's decision.

I.   **Legal Standard**

Reconsideration is an extraordinary remedy that should rarely be granted. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). To obtain relief on a motion for reconsideration, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court

committed a manifest error of law." Id.

**II.    Analysis**

Brooks raises several purported errors in the court's previous decision; only one, however, requires further discussion. As Brooks correctly points out, the court's previous decision did not address Brooks' assertion of qualified immunity with respect to the MCRA claim against him. Brooks fully briefed his assertion of qualified immunity in his original motion for summary judgment, and indicated that the same qualified immunity applied with respect to the MCRA claim as well as the claim under 42 U.S.C. § 1983. See Docket # 25, at 12 n.4 (citing Duarte v. Healy, 537 N.E.2d 1230 (Mass. 1989)); id. at 16 ("Brooks and White, with respect to the plaintiff's civil rights claims pursuant to both § 1983 and G.L. c.12, § 11H-I, are qualifiedly immune . . . ."). The court should therefore have considered Brooks' assertion of qualified immunity with respect to the MCRA claim. Furthermore, the court committed a clear error of law by implicitly denying Brooks qualified immunity on the MCRA claim.

The qualified immunity analysis under the MCRA is the same as the qualified immunity analysis under § 1983. Raiche v. Pietroski, 623 F.3d 30, 40 (1st Cir. 2010) (citing Duarte, 537 N.E.2d at 1232). As such, Brooks is entitled to qualified immunity unless a reasonable officer in his position would have known that his actions were unlawful. See Maldonado v. Fontanes, 568 F.3d 263, 269 (1st Cir. 2009).

Here, even taking all the facts in the light most favorable to plaintiff, a reasonable officer in Brooks' position could not have known that his actions were unlawful. As discussed in this court's previous opinion, Brooks' own use of force was

**2**

objectively reasonable. The only constitutional violation or attempted violation underlying plaintiff's MCRA claim is defendant Jared White's asserted use of excessive force in shooting Ramos. Brooks thus only violated the MCRA to the extent that his alleged "threats, intimidation, and coercion," Mass. Gen. Laws ch. 12, § 11H, contributed to White's asserted use of excessive force. But even accepting all of plaintiff's facts, there is no evidence that a reasonable officer in Brooks' position could have known that his objectively reasonable use of force would lead to the asserted constitutional violation. Plaintiff has presented no evidence that a reasonable officer in Brooks' position would have known that White would shoot Ramos.[1] Because a reasonable officer in Brooks' position could not have known his actions would interfere with Ramos' rights, and so violate the MCRA, Brooks is entitled to qualified immunity.

Brooks' motion for reconsideration (Docket # 36) is therefore ALLOWED, and summary judgment is granted to Brooks on plaintiff's MCRA claim against him. The case shall proceed on the two remaining claims against defendant White (under § 1983 and the MCRA).[2]

---

[1] This case therefore differs distinctly from Davis v. Rennie, 264 F.3d 86, 111-12 (1st Cir. 2001). In that case, certain defendants held the plaintiff down while another defendant beat him around the head. It was clear in that case that the defendants holding the plaintiff down knew their actions would allow the beating to continue. Here, by contrast, there is no evidence Brooks knew his actions would allow White to shoot Ramos.

[2] The court's previous order explained why defendant White is not entitled to qualified immunity on the § 1983 claim against him. For the same reasons, White is not entitled to qualified immunity on the MCRA claim.

| | |
|---|---|
| January 10, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |